# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KREJCI,<br><br>    Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>    Defendant. | Case No.: 3:16-cv-0211-JAH-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY** |

## INTRODUCTION

Pending before the Court is Defendant Calvary Portfolio Services, LLC's Motion to Stay pending the resolution of cross-motions for summary judgment in the related case of Horton v. Cavalry Portfolio Services, LLC, Case No. 3:13-CV-00307-JAH-WVG (S.D. Cal.). [Doc. No. 53]. The motion has been fully briefed, and pursuant to Civil Local Rule 7.1.d.1., this Court took the matter under submission without oral argument. [Doc. No. 60]. After careful consideration of the pleadings, and for the reasons set forth below, Defendant's Motion to Stay is **GRANTED**.

## BACKGROUND

On January 27, 2016 Plaintiff filed the operative class action complaint asserting that Defendant violated the Telephone Consumer Protection Act ("TCPA"). [Doc. No. 1].

Specifically, the complaint alleges that Defendant placed calls to Plaintiff, and similar consumers, utilizing impermissible automated technology, otherwise known as an automatic telephone dialing system ("ATDS"). Id. On June 6, 2016, the Court granted Defendant's motion to stay proceedings until a decision was rendered in ACA Int'l v. Fed. Commc'ns Comm'n, 885 F.3d 687 (D.C. Cir. 2018). See Doc. No. 18. Additionally, a related case before this Court entitled Horton v. Calvary Portfolio Services, LLC, 13-cv-0307-JAH (WVG) (S.D. Cal.), which is a nearly identical putative class action case against Defendant, was stayed for similar reasons. See Doc. No. 18. On March 16, 2018, the D.C. Circuit court issued a decision in ACA Int'l and the stays were lifted in both cases. See Doc. No. 51. In Horton, the parties have each filed motions for summary judgment with the primary issue being whether the telephone equipment used by Defendant qualifies as an ATDS as defined by the TCPA. See Horton, Doc. Nos. 245, 248. The hearing date for both motions is scheduled for August 13, 2018, before this Court. Id. On May 25, 2018, Defendant filed the instant motion to stay the entire case pending resolution of the Horton motions. See Doc. No. 53. Plaintiff filed a response in opposition, Defendant lodged a reply, and pursuant to CivLR 71.1(d), the Court took Defendant's Motion to Stay under submission. See Doc. Nos. 57, 58, 60.

## LEGAL STANDARD

A court's power to stay proceedings is incidental to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936); see also Clinton v. Jones, 520 U.S. 681, 706–07 (1997); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). For the sake of judicial economy, a stay may be granted pending the outcome of other legal proceedings related to the case. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863–64 (9th Cir. 1979). A stay is also appropriate pending the resolution of another matter that will impact the issues before the court. San Diego Padres Baseball P'ship v. United States, No. 99-cv-0828, 2001 WL 710601, at * 1 (S.D. Cal. May 10, 2001).

In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55. Among the competing interests are: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation marks and alteration omitted). The burden is on the movant to show that a stay is appropriate. See Clinton v. Jones, 520 U.S. 681, 708 (1997). The Ninth Circuit has instructed that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." See Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005). Also, courts in the Ninth Circuit have indicated that the potential harm of delaying a plaintiff injunctive relief weighs more heavily against granting a stay than the potential harm to a plaintiff seeking only monetary relief. Id.; Aldapa v. Fowler Packing Co., Inc., Case No. 11:5-CV-00420-DAD (SAB), 2016 WL 6124216, at *1 (E.D. Cal. Oct. 20, 2016) ("[S]taying a suit seeking injunctive relief against ongoing or future harm causes a more significant hardship against a plaintiff resisting a stay than a suit for damages.").

Finally, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Leyva, 593 F.2d at 864. "Generally, stays should not be indefinite in nature." See Dependable Highway Exp., Inc., 498 F.3d at 1066. The Ninth Circuit has held that even a stay that terminates "upon the 'resolution of [an] appeal' " has an indefinite term because the Supreme Court could grant certiorari to review the appellate court's decision, or the appellate court could remand to the district court for further proceedings.

Yong, 208 F.3d at 1119. Thus, a district court should give due weight to the requested length of a stay in exercising its discretionary power to stay proceedings. Id.

## **DISCUSSION**

Defendant seeks a stay pending this Court's ruling on the Horton cross-motions for summary judgment. Defendant argues that the summary judgment motions will resolve a key issue in this case, specifically whether Defendant's telephone equipment is an ATDS within the meaning of the TCPA. See Doc. No. 53, pg. 4. Defendant asserts that the device used by Calvary to contact the plaintiff in Horton–the Aspect System–was the same device used to contact Plaintiff in this case. See Doc. No. 58–1, ¶¶ 5–6. As such, Defendant contends that the issue to be decided by this Court in the Horton is a "crucial," "disputed" and "potentially dispositive" issue in this case. See Doc. No. 53, pg. 7. Defendant further contends that a limited stay in this case will prevent hardship to both parties by "avoiding the need for expensive, time-consuming, and duplicative fact and expert discovery" which has already been conducted in Horton. Doc. No. 53, pg. 7. Plaintiff opposes the motion, arguing that a stay in this case will not simplify the issues or conserve the judicial resources because discovery in this case will be required regardless of how this Court rules on the Horton summary judgment motion. Doc. No. 57, pg. 4. Plaintiff contends that another stay will result in a significant hardship to Plaintiff's interest in resolving his claims expeditiously. Id. at pg. 5.

Having considered and weighed the Landis factors, the Court finds that a stay is appropriate in this case. First, Plaintiff fails to demonstrate any potential damage which may result from a limited stay. Instead, the gravamen of Plaintiff's opposition questions the benefits of any proposed stay, arguing that the Horton summary judgment findings may be inapplicable because the telephone system used to call Plaintiff "is still a mystery." Doc. No. 57, pg. 4. Plaintiff does maintain that he will suffer significant hardship if the stay is granted, however, such a claim is too conclusory in nature to be persuasive absent more detail or factual support.

Turning to the second Landis factor, Defendant argues that a stay is necessary to avoid potentially unnecessary and expensive discovery that was already completed in Horton. Doc. No. 53, pg. 7. However, the "burden of simultaneous litigation is not generally relevant to a Landis analysis." Arris Sols., Inc. v. Sony Interactive Entm't LLC, No. 5:17-CV-01098-EJD, 2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017) (citing Am. Honda Motor. Co., Inc. v. Coast Distribution Sys., Inc., No. C 06-04752 JSW, 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007)). But in situations when "the opponent does not adduce evidence that [he] will be harmed by a stay . . . courts have considered the moving party's burden in litigating the case to be a legitimate form of hardship." In re Am. Apparel Shareholder Derivative Litig., No. CV 10-06576 MMM (RCX), 2012 WL 9506072, at *45 (C.D. Cal. July 31, 2012). As such is the case here, the Court finds the second Landis factor weighs in favor of a stay.

Finally, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay." Cmax, 300 F.2d at 268 (citing Landis, 299 U.S. at 254–55). As stated above, Plaintiff argues the proposed stay will not simplify the issues nor will it conserve judicial resources because it is unclear whether the same phone system used in this case is the system at issue in Horton. See Doc. No. 57, pg. 4. In its reply, Defendant attached the declaration of Marc Perry, Vice President of Information Systems for Calvary Portfolio Services Inc., who confirmed that the only call made to Plaintiff was made by Calvary's Aspect system–the same system at issue in Horton. "The existence of another proceeding that may have a ***substantial impact*** on a pending case is a particularly compelling reason to grant a stay." Stanley v. Novartis Pharm. Corp., No. CV1103191MMMOPX, 2012 WL 12883839, at *3 (C.D. Cal. Apr. 13, 2012) (emphasis added) (citing Leyva, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.")). Plaintiff's sole cause of action concerns a violation of the TCPA, which prohibits the commercial use of an

ATDS, and as such, a determination as to whether or not Calvary's Aspect system qualifies as an ATDS will certainly have a substantial impact. This factor, therefore, weighs strongly in favor of a stay.

Upon consideration of all Landis factors, the Court finds they support the relief requested by Defendant.[1] Accordingly, Defendant's Motion to Stay [Doc. No. 53] is **GRANTED**. The case is **STAYED** pending a decision on the cross-motions for summary judgment in Horton v. Cavalry Portfolio Services, LLC, Case No. 3:13-CV-00307-JAH-WVG (S.D. Cal.) Doc. Nos. 245, 248. The Parties shall file a joint status report **no later than ten (10) days** after this Court issues the Horton summary judgment order.

**IT IS SO ORDERED.**

DATED: July 17, 2018

_____
JOHN A. HOUSTON
United States District Judge

---

[1] As it must, the Court also considered the length of the proposed stay. See Yong v. INS, 208 F.3d 1116, 1119 (9th Cir.2000). Oral argument will be heard on the Horton summary judgment motions on August 13, 2018, and a decision will be issued in due course. The Court is cognizant that Plaintiff will be awaiting the Court's decision in order to proceed with his case, and will work diligently to issue the order in a timely fashion.